IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00986-BNB

ROBIN FARRIS,

Applicant,

v.

MARK A. BROADDUS, Warden, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 17 2008

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND DRAW REMAINING CLAIMS
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Robin Farris, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Denver Women's Correctional Facility. Ms. Farris, through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a supporting brief. She paid the $5.00 filing fee.

In an order filed on August 12, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days an amended pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 28, 2008, Respondents filed their amended pre-answer response asserting that the instant action is subject to dismissal as a mixed petition containing both exhausted and unexhausted claims. On September 17, 2008, Ms. Farris, through counsel, filed an amended reply to the pre-answer response.

Ms. Farris alleges that she was convicted in on January 23, 1991, by a jury in Arapahoe County District Court case number 90CR222 on charges of first-degree felony murder occurring during the commission of a burglary. On February 8, 1991, the trial court sentenced her to life imprisonment. On November 27, 1992, her convictions were affirmed on direct appeal. *See People v. Farris*, No. 91CA0396 (Colo. Ct. App. Nov. 27, 1992) (not selected for publication). Ms. Farris did not petition the Colorado Supreme Court for certiorari review.

Ms. Farris filed three postconviction motions. On November 8, 1995, Ms. Farris filed *pro se* a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. On April 11, 1996, she refiled *pro se* the same Colo. R. Crim. P. 35(c) motion. On March 21, 1997, the state trial court appointed counsel to represent Ms. Farris on the postconviction motions. On August 28, 1998, new counsel was substituted to represent her on the motions. The trial court did not rule on either motion.

On November 24, 2004, Ms. Farris, through counsel, filed a third Colo. R. Crim. P. 35(c) motion. On February 16, 2005, the trial court denied the motion without a hearing. On February 1, 2007, the Colorado Court of Appeals affirmed. *See People v. Farris*, No. 05CA0660 (Colo. Ct. App. Feb. 1, 2007). On May 14, 2007, certiorari review was denied. On May 12, 2008, Ms. Farris filed the instant habeas corpus application.

Ms. Farris asserts six claims. They are:

(1) that the state trial court denied her rights to a fair trial and due process under the Fifth and Fourteenth amendments by improperly denying her suppression motion;

2

(2) that the state trial court denied her rights to a fair trial and due process under the Fifth and Fourteenth amendments by admitting hearsay testimony;

(3) that the state trial court denied her right to a fair trial under the Sixth Amendment by limiting her cross-examination of prosecutorial witnesses concerning the victim's drug use and prostitution;

(4) that the state trial court improperly permitted the prosecutor to elicit testimony concerning her exercise of the right to remain silent;

(5) that the evidence was insufficient to support her convictions for burglary and felony murder; and

(6) that the state trial court erred by declining to conduct an evidentiary hearing on her Colo. R. Crim. P. 35(c) claims of ineffective assistance of counsel regarding the issues of the sufficiency of the evidence, the introduction of hearsay statements, instructions, the right to remain silent, and the cumulative effect of any errors.

Respondents concede that the application appears to be filed in a timely manner pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that the application is subject to dismissal as a mixed petition containing both exhausted and unexhausted claims. Before addressing the issue of exhaustion, the Court notes that claim six does not raise a federal constitutional issue.

## Claim Six

In claim six, Ms. Farris contends that the state trial court erred by declining to conduct an evidentiary hearing on her Colo. R. Crim. P. 35(c) claims of ineffective assistance of counsel regarding the issues of the sufficiency of the evidence, the introduction of hearsay statements, instructions, the right to remain silent, and the cumulative effect of any errors. However, there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-

3

conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, claim six will be dismissed.

The Court next will address Respondents' exhaustion arguments. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459

4

U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

<u>Claims One and Four</u>

The Court first will address Ms. Farris's first and fourth claims for relief. Respondents specifically argue that claims one and four are not exhausted because Ms. Farris did not seek certiorari review of these claims in the Colorado Supreme Court on direct appeal. Ms. Farris argues that she is not required to present her claims to the Colorado Supreme Court in a petition for writ of certiorari in order to exhaust state remedies because Rule 51.1 of the Colorado Rules of Appellate Procedure demonstrates that there is no need to seek such review. For the reasons stated below, the Court finds that Ms. Farris's first and fourth claims for relief are exhausted.

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at

845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Rules of Appellate Procedure provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. R. App. P. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state court remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. R. App. P. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See* **Lambert v. Blackwell**, 387 F.3d 210, 233 (3d Cir. 2004); **Adams v. Holland**, 330 F.3d 398, 401-03 (6th Cir. 2003); **Randolph v. Kemna**, 276 F.3d 401, 404-05 (8th Cir. 2002); **Swoopes v. Sublett**, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court is not aware of any case that reaches a contrary conclusion. Therefore, the fact that Ms.

Farris did not raise her first and fourth claims as federal constitutional claims on direct appeal in a petition for writ of certiorari in the Colorado Supreme Court does not demonstrate that those claims are unexhausted. The fact that Ms. Farris did not file a petition for writ of certiorari on direct appeal does not alter the Court's conclusion.

The Court also finds that Colo. R. App. P. 51.1 applies retroactively to Ms. Farris's direct appeal, which was completed prior to the May 18, 2006, enactment of Colo. R. App. P. 51.1. Respondents primarily rely on *Wenger v. Frank*, 266 F.3d 218 (3d Cir. 2001), to support their argument that Colo. R. App. P. 51.1 cannot be applied retroactively. In *Wenger*, the United States Court of Appeals for the Third Circuit (Third Circuit) concluded that a Pennsylvania Supreme Court rule eliminating the need to seek discretionary review in that court in order to exhaust state remedies was not retroactive. *See id.* at 226. The Third Circuit based its conclusion on the prospective language of the Pennsylvania Supreme Court rule, a finding that the primary purpose of the Pennsylvania Supreme Court rule would not be served by retroactive application, and that Third Circuit's view that whether a particular remedy was or was not available is a question of objective historical fact that cannot be retroactively altered. *See id.* at 225-26.

In contrast to *Wenger*, two other circuit courts have held that rules in Tennessee and Missouri, which are similar to both the Pennsylvania Supreme Court rule at issue in *Wenger* and Colo. R. App. P. 51.1, do apply retroactively. *See Adams*, 330 F.3d at 405; *Randolph*, 276 F.3d at 404. In *Randolph*, the Eighth Circuit reasoned that the Missouri rule was retroactive because the rule purported to clarify existing law and not change the law. *See Randolph*, 276 F.3d at 404. In *Adams*, the Sixth Circuit similarly

7

concluded that the Tennessee rule was retroactive because the rule merely clarified the existing law in Tennessee. *See Adams*, 330 F.3d at 405. Significantly in *Adams*, the Tennessee rule expressly provided that it was applicable "[i]n all appeals from criminal convictions or postconviction relief matters from and after July 1, 1967." *See id.* at 401.

This Court finds that Colo. R. App. P. 51.1 is most like the Tennessee rule at issue in *Adams*. Like the Tennessee rule, the plain language of Colo. R. App. P. 51.1 expressly provides that it applies to "all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974." Therefore, the Court finds that Colo. R. App. P. 51.1 is merely a clarification of the existing law in Colorado. As a result, the Court also finds that Colo. R. App. P. 51.1 is retroactive to Ms. Farris's direct appeal. This determination leads to the further conclusion that Ms. Farris's first and fourth claims for relief in this action are exhausted because Respondents concede they were fairly presented to the Colorado Court of Appeals on direct appeal.

Respondents make a similar Colo. R. App. P. 51.1 argument with respect to Ms. Farris's second, third, and fifth claims both because Ms. Farris did not seek certiorari review of these claims in the Colorado Supreme Court. For the reasons stated above, the Court need not address whether claims two, three, and five are not exhausted simply because Ms. Farris did not file a petition for writ of certiorari on direct appeal raising these claims. However, Respondents also argue Ms. Farris did not present claims two, three, and five in state court as federal constitutional claims. Respondents specifically contend that claims two, three, and five were raised only as state law claims on direct appeal to the Colorado Court of Appeals. The Court will limit this discussion

8

to whether claims two, three, and five are not exhausted because they were raised only as state law claims on direct appeal to the Colorado Court of Appeals.

### Claim Two

As her second claim, Ms. Farris alleges that the state trial court denied her rights to a fair trial and due process under the Fifth and Fourteenth amendments by admitting hearsay testimony. On direct appeal, Ms. Farris argued that the trial court improperly admitted hearsay statements. However, in her opening brief on direct appeal, Ms. Farris did not argue any federal constitutional grounds for this claim. The hearsay claim raised on direct appeal in state court was raised purely as a state evidentiary issue. Therefore, she did not exhaust her hearsay claim on direct appeal.

In her supporting brief in this action, Ms. Farris also argues that the alleged hearsay testimony violated her rights under the Confrontation Clause. However, she did not challenge in the state courts the admission of the testimony on the grounds that it violated her right to confrontation. She did refer to the Confrontation Clause in her Colo. R. Crim. P. 35(c) motion filed through counsel in 2004, but she presented the claim in terms of challenging appellate counsel's effectiveness, not in terms of challenging the trial court's ruling on the issue. Therefore, Ms. Farris has failed to exhaust the second claim in the state courts.

### Claim Three

As her third claim, Ms. Farris alleges that the state trial court denied her right to a fair trial under the Sixth Amendment by limiting her cross-examination of prosecutorial witnesses concerning the victim's drug use and prostitution. However, Ms. Farris did not present her claim as a federal constitutional claim in the state courts. The cross-

examination claim raised in her direct appeal raised a purely state evidentiary issue. Mr. Farris did not argue any federal constitutional grounds for the claim in her opening brief on direct appeal. Because Ms. Farris failed to present her cross-examination claim in state court on federal constitutional grounds, opting instead to present the claim on state evidentiary grounds, she has failed to exhaust the claim she asserts here.

In addition, in her application Ms. Farris argues that the trial court's limitation on her cross-examination violated her rights under the Confrontation Clause. However, she did not challenge the limitation of her cross-examination on constitutional confrontation grounds in the state courts. Therefore, she has failed to exhaust her cross-examination claim as a Confrontation Clause violation in the state courts.

### Claim Five

As her fifth claim, Ms. Farris alleges that the evidence was insufficient to support her convictions for burglary and felony murder. On direct appeal, Ms. Farris argued that the evidence at trial was insufficient to convict her of first-degree and second-degree burglary, as well as felony murder for which her burglary convictions served as predicate offenses. However, on direct appeal she argued only that she did not enter or remain unlawfully in the victim's apartment because the victim had invited her into the apartment. In the instant action, Ms. Farris argues instead that the evidence was insufficient because the evidence did not support a finding that she had the requisite intent to commit a crime at the time of trespass into the victim's apartment. Therefore, the substance of this sufficiency-of-the-evidence claim, i.e., that the evidence was insufficient because it did not support a finding that she had the requisite intent to

10

commit a crime at the time of trespass, was not presented fairly to the state courts. *See Picard*, 404 U.S. at 276. Consequently, the sufficiency-of-the-evidence claim Ms. Farris asserts in the instant action is not exhausted.

Ms. Farris refers in her Colo. R. Crim. P. 35(c) motion filed through counsel in 2004 to the sufficiency-of-the-evidence claim raised here, i.e., that the evidence was insufficient because it did not support a finding that she had the requisite intent to commit a crime at the time of trespass. However, the reference was presented in terms of challenging appellate counsel's effectiveness and not in terms of challenging trial court's presentation of the charges to the jury, i.e., "[a]lthough appellate counsel raised sufficiency of the evidence as to the burglary counts, he failed to raise the fact that the evidence was insufficient to establish that Ms. Farris had the requisite intent at the point that she was alleged to become a trespasser." *See* Amended Pre-Answer Response at ex. G, ¶ 17. Ms. Farris failed to exhaust the sufficiency-of-the-evidence claim she raises here because the substance of the instant claim is based on different facts than the claim she raised in state court and, therefore, was not fairly presented in state court. *See Picard*, 404 U.S. at 278.

Ms. Farris's application is a mixed petition containing both exhausted claims (one and four) and unexhausted claims (two, three, and five). In her "Reply to Respondent's Amended Pre-Answer Response," Ms. Farris asks to be allowed to dismiss voluntarily the unexhausted claims and to proceed with the exhausted claims if the Court determines that the application is a mixed petition and that stay and abeyance is inappropriate. Ms. Farris has failed to address stay and abeyance other than this brief mention and, therefore, the Court will refrain from doing so as well. Accordingly, it is

11

ORDERED that claim six is dismissed because it fails to raise a cognizable federal constitutional claim. It is

FURTHER ORDERED that Applicant is allowed to proceed only on exhausted claims one and four. It is

FURTHER ORDERED that unexhausted claims two, three, and five are dismissed. It is

FURTHER ORDERED that remaining claims one and four and the action are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 14 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00986-BNB

Robert G. Levitt
Attorney at Law
**DELIVERED ELECTRONICALLY**

Jennifer A. Berman
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/17/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk