**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00986-CMA-BNB

ROBIN FARRIS,

      Applicant,

v.

MARK A. BROADDUS, Warden, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

**ORDER DENYING MOTION FOR LEAVE TO BRING INTERLOCUTORY APPEAL
FOR FAILURE TO COMPLY WITH LOCAL RULES**

---

      This matter is before the Court on Applicant's Motion for Leave to Bring an

Interlocutory Appeal (Doc. # 19).  Because the Motion fails to comply with the local rules

of procedure, the Court hereby DENIES the Motion WITHOUT PREJUDICE.

      On November 17, 2008, this Court entered an Order dismissing many of

Applicant's claims and assigning the remaining claims to a district judge (Doc. # 13).

On November 27, 2008, Applicant filed the instant Motion requesting leave to bring

an interlocutory appeal of the November 17, 2008 Order.

      The local rules of this Court require a movant to confer with opposing counsel

prior to filing any motion except a motion under Fed.R.Civ.P. 12 or 56.  *See*

D.C.COLO.LCivR 7.1A.  Additionally, "a motion involving a contested issue of

law shall state under which rule or statute it is filed and be supported by a recitation

of legal authority incorporated into the motion."  D.C.COLO.LCivR 7.1C.

Applicant has not complied with either rule.  First, Applicant's motion does not contain the necessary certification that Applicant had conferred with opposing counsel regarding interlocutory appeal.  Second, Applicant has not included any "recitation of legal authority" in the motion.  Applicant's statement that "[a] motion in support of Applicant's request for certification will be filed pursuant to a scheduling order issued by this Court" is insufficient.

If Applicant chooses to re-file a motion for leave to bring an interlocutory appeal, she must state specifically in the motion what controlling questions of law exist in the Order, why there is a substantial ground for difference of opinion and why appeal of the Order may materially advance the ultimate termination of this litigation.  *See* 28 U.S.C. § 1292(b).  Failure to describe these elements or failure to support her request with appropriate legal authority will result in denial of the motion.

Accordingly, the Motion for Leave to Bring an Interlocutory Appeal (Doc. # 19) is DENIED WITHOUT PREJUDICE; it is

FURTHER ORDERED that, if Applicant desires, she may re-file a motion for interlocutory appeal that complies with the local rules of this Court within ten (10) days of the date of this Order.

DATED:  December   12  , 2008

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge