IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00986-CMA-BNB

ROBIN FARRIS,

Applicant,

v.

MARK A. BROADDUS, Warden, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the Applicant's **Motion and Notice for an Interlocutory Appeal** [Doc. # 22, filed 12/22/2008] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The Applicant ("Ms. Farris"), through counsel, commenced this action by filing *Applicant's Writ of Habeas Corpus Petition and Memorandum of Law Pursuant to 28 U.S.C. Section 2254* [Doc. # 1, filed 5/12/2008] (the "*Application*"). She alleges in the *Application* that she was convicted in a Colorado state court of first degree felony murder occurring during the commission of a burglary. *Application* at p. 2 ¶¶1-2. She was sentenced to life imprisonment. Id. at ¶2.

The *Application* asserts the following six claims for relief:

(1) That the state trial court denied Ms. Farris' right to a fair trial and due process of law pursuant to the 5th and 14th Amendments to the United States Constitution by improperly denying her suppression motion;

(2) That the state trial court denied Ms. Farris' right to a fair trial and due process of law pursuant to the 5th and 14th Amendments to the United States Constitution by improperly admitting hearsay testimony;

(3) That the state trial court denied Ms. Farris' right to a fair trial pursuant to the 6th Amendment to the United States Constitution by denying her right to full and effective cross-examination of prosecution witnesses concerning the victim's drug use and prostitution;

(4) That the state trial court denied Ms. Farris' right to a fair trial and due process of law pursuant to the 5th and 14th Amendments to the United States Constitution by improperly allowing the prosecution to inquire about her right to remain silent;

(5) That the state trial court denied Ms. Farris' right to a fair trial and due process of law pursuant to the 5th and 14th Amendments to the United States Constitution due to a lack of sufficient evidence to support convictions for burglary and felony murder; and

(6) That the state trial court denied Ms. Farris' right to a fair trial and due process of law pursuant to the 5th, 6th, and 14th Amendments to the United States Constitution "due to the state court's failure to provide for an evidentiary hearing during Applicant's Rule 35(c) proceedings based on claims of ineffective assistance of counsel, sufficiency of evidence, introduction of hearsay statements, right of the Applicant to remain silent, as well as cumulative errors." Id. at pp. 9-10.

Following the submission of a pre-answer response, a district judge found that the arguments asserted in Claims One and Four had been exhausted in the state courts and ordered them drawn to a district judge and a magistrate judge for further proceedings. *Order to Dismiss In Part and Draw Remaining Claims to a District Judge and to a Magistrate Judge* [Doc. # 13,

filed 11/17/2008] (the "*Order*").  The district judge found that the arguments asserted in Claims Two, Three, and Five had not been exhausted in state court, and they were dismissed.  Id.  Finally, the district judge found that Claim Six did not raise a cognizable federal constitutional claim, and it also was dismissed.  Id.

Ms. Farris filed the instant Motion seeking leave to bring an interlocutory appeal of the *Order* pursuant to 28 U.S.C. § 1292(b).  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:  *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Section 1292(b), 28 U.S.C., has been applied in habeas corpus proceedings such as this.  See Locke v. Saffle, 237 F.3d 1269, 1270 (10th Cir. 2001); McCormick v. Six, 2008 WL 3274464 (D. Kan. Aug. 8, 2008).

Certification of interlocutory appeals under § 1292(b) is "to provide an opportunity to review an order when an immediate appeal would materially advance the ultimate termination of the litigation."  State of Utah v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994)(internal quotation and citation omitted).  In this regard, § 1292(b) interlocutory appeals are "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action."  Id.

3

The *Order* [Doc. # 13] does not involve "a controlling question of law as to which there is substantial ground for difference of opinion" as required by § 1292(b) to justify certification for interlocutory review.  Here, as in <u>McCormick</u>:

> [T]he basis for the court's exhaustion ruling is Tenth Circuit precedent holding that a habeas corpus petitioner has the burden of proving exhaustion and exhaustion must proceed through one full round of the available state court remedies. . . .  Thus, it can hardly be said that the question is one as to which there is "substantial ground for difference of opinion."

2008 WL 3274464 at *2.

Nor would an immediate appeal of the *Order* "materially advance the ultimate determination of the litigation," also required to justify certification under § 1292(b).  Here again, as in <u>McCormick</u>:

> [I]f this case is certified for interlocutory appeal, assuming the Tenth Circuit agreed to accept it, resolution . . . will continue to be delayed by any interlocutory proceedings and subsequent proceedings in this court.  Moreover, once this case is resolved in this court, a second appeal would surely be pursued.  Thus, an interlocutory appeal would likely result in duplicative effort.

<u>Id</u>.

An interlocutory appeal would dramatically slow the resolution of this case.  At least several months would be required to complete briefing, allow possible argument, and permit time for a ruling by the circuit court.  After that ruling, the case would return to this court for further proceedings.  Notably, an interlocutory appeal would do nothing to resolve the merits of Ms. Farris' claims, but would address only the antecedent requirements of exhaustion and whether a cognizable federal claim is alleged.  Nor would an interlocutory appeal address in any way the merits of Claims One and Four which are admittedly exhausted.  Following the delayed

determination of the merits of Ms. Farris' claims, a second appeal would likely be pursued by one or both sides.  In short, an interlocutory appeal would substantially delay the ultimate determination of this litigation.  See generally Smith v. Argent, 2007 WL 3232078 (D. Colo. Oct. 30, 2007).

Certification of interlocutory appeals under § 1292(b) is limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions.  State of Utah v. Kennecott Corp., 14 F.3d at 1495.  This is not such a case.  Compare Forest Guardians v. Bureau of Land Management, 188 F.R.D. 389, 397 (D. N.M. 1999)(noting that "any finding by the Court that BLM failed to comply with NEPA could require costly and time-consuming re-litigation of this issue should the Tenth Circuit disagree with the Court's standing analysis.  Since this is a case where 'interlocutory reversal might save time in the district court, and time and expense for the litigants,' immediate interlocutory appeal is warranted").  In this habeas corpus proceeding, by contrast, there will be no trial and, thus, no extended and expensive proceedings that might be avoided by an interlocutory appeal.

Finally, without citation to any authority, Ms. Farris argues that an interlocutory appeal should be allowed because:

> Although the Court may conclude that the Applicant will be afforded a direct appeal if the remaining claims are ultimately dismissed, it is important to note that such an appeal would be contingent on the granting of a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B).  As such, there is no guarantee that this Applicant will be afforded a direct appeal of her remaining claims and therefore the Court's ruling should not be dependent on the future possibility of a direct appeal.

Motion at ¶13.

The availability of an interlocutory appeal under §1292(b), upon an appropriate showing, should not alter Ms. Farris' substantive rights to review or eliminate the requirement that she make a "substantial showing of the denial of a constitutional right" under 28 U.S.C. §2253(c) prior to being allowed to appeal. In addition, if there is sufficient merit to her dismissed claims to now be entitled to interlocutory review, the same merit will exist and be capable of demonstration after a final determination of the *Application*. Thus, regardless of the outcome on the merits of exhausted Claims One and Four, Ms. Farris may obtain a certificate of appealability after final resolution of the case if the dismissed claims are sufficiently meritorious as to create a substantial showing that she was denied a constitutional right.

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 21, 2009.

BY THE COURT:

        s/ Boyd N. Boland
United States Magistrate Judge