**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00986-CMA-BNB

ROBIN FARRIS,

     Applicant,

v.

MARK A. BROADDUS, Warden, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

     Respondents.

---

**ORDER ADOPTING AND AFFIRMING SEPTEMBER 21, 2009
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Applicant's Motion and Notice for an Interlocutory Appeal (Doc. # 22). The motion was referred to Magistrate Judge Boyd N. Boland for a Recommendation by Order of Reference dated January 13, 2009 (Doc. # 24). Magistrate Judge Boland issued a Recommendation on September 21, 2009 that the above-referenced motion be denied. (Doc. # 26 at 1). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b).

**I.**    <u>**STANDARD OF REVIEW**</u>

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed.R.Civ.P. 72(b)(3). An objection is properly made if it is both timely

and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996).  According to the Federal Rules of Civil Procedure in effect at the time of the Recommendation's issuance, an objection is timely if made within 10 days after the Magistrate Judge issues his recommendation.[1]  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute."  *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  Where no party files proper objections to a recommendation, the Court may review the recommendation for clear error.  *See* Fed.R.Civ.P. 72, Advisory Committee Notes (1983 Addition) (citation omitted);  *See also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (when there are no objections to a magistrate's recommendation, the court applies whatever standard of review that it deems appropriate).

In the instant case, Applicant filed timely her Objections to Magistrate's Report and Recommendation (Doc. #28) on September 29, 2009, eight days after the Recommendation's issuance.  Accordingly, the Court has performed a *de novo* review.

## II.     APPLICANT'S MOTION FOR INTERLOCUTORY APPEAL

On December 22, 2008, Applicant filed a Motion and Notice for An Interlocutory Appeal (Doc. #22), after Senior Judge Zita L. Weinshienk dismissed four of six claims in support of Applicant's Petition for Writ of Habeas Corpus (the "Weinshienk Order").

---

[1] Effective December 1, 2009, parties must file objections within 14 days after being served with a copy of a recommended disposition.  FED. R. CIV. P. 72(b).

(Doc. # 13).  Three claims were dismissed on non-exhaustion grounds; a fourth claim was dismissed for failure to raise a cognizable federal constitutional claim.  (*Id.* at 11, 12).

Applicant contends that the Weinshienk Order is ripe for interlocutory review, pursuant to 28 U.S.C. § 1292(b).  Applicant acknowledges that "[i]nterlocutory appeals are an exception to the general rule that the federal appeals courts have jurisdiction over appeals from final decisions" and "must be based on exceptional circumstances." (Doc. # 22 at 4).  Nevertheless, Applicant contends that exceptional circumstances are present in this case, pursuant to 28 U.S.C. § 1292(b), because "reversal is likely," "a substantial ground for difference of opinion [exists]", and intermediate appellate review "will materially advance the ultimate determination of the Applicant's writ of habeas corpus petition."  (*Id.* at 4, 5, and 7; Doc. # 28 at 2, 3).  Applicant further contends that "an interlocutory appeal may not only save time in the district court, but would afford [her] a full review of her claims."  (Doc. # 28 at 3).  The Court disagrees.

As noted in Magistrate Judge Boyd N. Boland's Recommendation, the Weinshienk Order "does not involve a controlling question of law as to which there is substantial ground for difference of opinion as required by § 1292(b) to justify certification for interlocutory review." (Doc. #26 at 4) (internal quotations omitted).  As articulated in *McCormick v. Six*, No. 08-3058, 2008 WL 3274464, at *2 (D. Kan. August 8, 2008), the question of whether a habeas petitioner has fully exhausted his or her claims is not one where substantial grounds for a difference of opinion could exist;

exhaustion is evidenced by a clear record that the petitioner presented her claims in the state district, appellate, and supreme courts.

Further, the Court concurs with Magistrate Judge Boland's assessment that an "interlocutory appeal would dramatically slow the resolution of this case." (Doc. # 26 at 4). This Court would be unable to fully decide Applicant's habeas petition until the circuit court determined whether the exhaustion requirement was met and a cognizable federal claim was alleged. Further, regardless of the final outcome of the Court's determination of the merits of Applicant's remaining claims, Applicant would be entitled to a certificate of appealability for the dismissed claims upon a substantial showing that she was denied a constitutional right. (*Id.* at 6).

Accordingly, IT IS ORDERED that the September 21, 2009 Recommendation of United States Magistrate Judge Boyd N. Boland (Doc. # 26) is ACCEPTED and, for the reasons cited therein, Applicant's Motion and Notice for an Interlocutory Appeal (Doc. # 22) is DENIED.

DATED:   18  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge